## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TRENT WARREN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-532-RJD** |
| | ) | |
| | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS, WEXFORD MEDICAL** | ) | |
| **CORPORATION, FELIX RODRIGEZ,** | ) | |
| **DEANA BROOKHART, BALDWIN, and** | ) | |
| **JANE DOE NURSES #'s 1-5,** | ) | |
| | | |
| **Defendants.** | | |

## <u>MEMORANDUM AND ORDER</u>

**DALY, Magistrate Judge:**

Plaintiff Trent Warren, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Plaintiff alleges that he was denied his psychotropic medications in violation of the Eighth Amendment. He was also denied access to ice while in segregation in violation of the Eighth Amendment. Plaintiff seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to

---

[1] The Court has jurisdiction to screen Plaintiff's Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' /Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections/Wexford and this Court.

filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):  Plaintiff was previously prescribed Effexor for his mental health condition and took the medication for two years (Doc. 1, p. 5). On July 19, 2019, he was informed by Jane Doe nurse that his Effexor prescription was out of stock or discontinued and he was not provided with his dosage (*Id*. at p. 2). He did not receive his medication from July 19, 2019 until July 23, 2019. During that time period, he suffered from withdrawals including sore throat, running nose, cough, abnormal dreams, night sweats, muscle tremors, mood swings, diarrhea, insomnia, irregular heartbeat, hot flashes, severe depression, and homicidal thoughts (*Id*. at pp. 2-4). He informed Jane Doe nurse about his side effects on several occasions and asked to speak to the mental health unit, but she informed him there was nothing she could do (*Id*.). He finally received his medication on July 23, 2019 and received his medication continuously until July 29, 2019 (*Id*. at p. 4).

On July 29, 2019, Plaintiff met with his psychiatrist, Dr. Felix Rodrigez, and he was taken off of Effexor (*Id*. at p. 5). Dr. Rodrigez failed to wean Plaintiff off of the medication, instead making him quit the medication cold turkey which again led to side effects and withdrawal symptoms (*Id*. at pp. 5-6).

While Plaintiff was prescribed Effexor, he suffered from severe sweating as a side effect of the medication. While in segregation in both June and July 2019, he was not provided with ice even though inmates are supposed to receive ice twice daily when temperatures reach a certain

degree (*Id.* at pp. 19-20). Although Dr. Rodriguez was aware of the potential side effect from Plaintiff's medication, he refused to give Plaintiff an ice permit. As a result, Plaintiff suffered from excessive sweating which aggravated his asthma and caused him to faint on multiple occasions (*Id.* at pp. 20-21).

## Preliminary Dismissals

Plaintiff names IDOC as a defendant. However, Plaintiff cannot maintain his suit against IDOC because it is a state agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.,* 931 F.2d 425, 427 (7th Cir.1991) (same); *Santiago v. Lane,* 894 F.2d 219, 220 n. 3 (7th Cir.1990) (same). IDOC is, accordingly, **DISMISSED with prejudice.**

Further, Plaintiff identifies Wexford Medical Corporation, Deana Brookhart, Jane Doe Nurses #2-5, and Baldwin as defendants in the caption of his Complaint but fails to include any allegations against them in his statement of claim. He only mentions one Jane Doe Nurse throughout his Complaint. Thus, the Court finds that he fails to state a claim against these defendants, and they are **DISMISSED without prejudice**.

Plaintiff's statement of claim mentions a John Doe segregation officer and Lieutenant Phillips. These individuals are not included in the caption of his Complaint (*Id.* at p. 1) and any claims involving these non-parties should be considered **DISMISSED without prejudice**. *Myles*

3

*v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be considered a party, a defendant must be "specif[ied] in the caption").

Finally, Plaintiff attempts to allege a conditions of confinement claim for his lack of access to ice while in segregation, but fails to associate this claim with any named defendant. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff does not associate this claim with any particular individual. This is insufficient to state a claim; Plaintiff must make plausible allegations against individuals. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To the extent Plaintiff seeks to raise a conditions of confinement claim, that claim is also **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

>   **Count 1:**   **Jane Doe Nurse #1 and Dr. Rodrigez were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment when they failed to provide Plaintiff with his Effexor.**

>   **Count 2:**   **Dr. Rodrigez was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment when he failed to provide Plaintiff with an ice permit.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

At this stage, Plaintiff states valid deliberate indifference claims against Jane Doe Nurse #1 and Dr. Rodrigez in Count 1 and against Dr. Rodrigez in Count 2. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

To the extent Plaintiff seeks injunctive relief, the Court **ADDS** the current warden of Pinckneyville Correctional Center, Jeff Dennison (official capacity only), to the case for the purpose of implementing any injunctive relief awarded to Plaintiff. Jeff Dennison (official capacity only) will also remain in the case for the purpose of identifying Jane Doe Nurse #1. *See Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 832 (7th Cir. 2009).

## Disposition

For the reasons stated above, Count 1 shall proceed against Jane Doe Nurse #1 and Dr. Felix Rodrigez. Count 2 shall also proceed against Dr. Rodrigez. Jeff Dennison (official capacity only) is **ADDED** to the case for the purpose of implementing any injunctive relief awarded. IDOC, Wexford Medical Corporation, Deana Brookhart, Baldwin, and Jane Doe Nurses #'s 2-5 are **DISMISSED** from the case.

The Clerk of Court shall prepare for Defendants Dr. Felix Rodrigez and Jeff Dennison: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

5

by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 7/14/2020**

*/s/ Reona J. Daly*
**Reona J. Daly**
**U.S. Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**

7